IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JARELL TERRY**                                                                 **PETITIONER**

v.                          NO. 2:24-cv-00119-LPR-PSH

**DEXTER PAYNE**                                                                 **RESPONDENT**

ORDER

Petitioner Jarell Terry ("Terry") began this case by filing a motion for leave to proceed in forma pauperis and a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court has used the occasion of examining his motion to also examine his petition, doing so pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Liberally construing his pro se petition, he represents that he is actually innocent of a November 20, 2023, prison disciplinary, a disciplinary for which he lost commissary, phone, and visitation privileges, was placed in punitive isolation for twenty-one days, and reduced in class. Terry asks that the disciplinary be reversed.

In Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996), the Court of Appeals had the occasion to explain the difference between a habeas corpus action and one brought pursuant to the civil rights statutes. The Court of Appeals explained the difference in the following manner:

> In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. 1983 claim. The prisoner's label cannot be controlling. See id. at 489–90, 93 S.Ct. at 1836–37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484, 93 S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. See id. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.
> ...

See Id. at 1073. See also Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014) (citing and applying Kruger).

Here, Terry is not challenging the validity of his conviction or the length of his detention. He is instead challenging a prison disciplinary. Given the nature of his claim, i.e., he is actually innocent of the disciplinary, and the relief he seeks, it may be that he cannot proceed pursuant to 28 U.S.C. 2254 but must proceed pursuant to 42 U.S.C. 1983.

Rather than answer that question at this time, the Court finds it best to simply allow this case to proceed and obtain a response from respondent Dexter Payne ("Payne"). As a part of the response, Payne will be directed to address whether Terry can proceed pursuant to 28 U.S.C. 2254 or must instead proceed pursuant to 42 U.S.C. 1983.

The Court has now reviewed Terry's motion for leave to proceed <u>in forma pauperis</u> and finds that it should be, and is, granted. <u>See</u> Docket Entry 1. He may proceed without the prepayment of fees or costs.

The Clerk of the Court is directed to serve by regular mail a copy of Terry's petition and this order on Payne and the Attorney General for the State of Arkansas. Respondent is directed to file an answer, motion, or other response to Terry's petition. The answer, motion, or other response must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. As a part of the answer, motion, or other response, Payne shall address whether Terry can proceed pursuant to 28 U.S.C. 2254 or must instead proceed pursuant to 42 U.S.C. 1983. Respondent must file an answer, motion, or other response within twenty-one days after service of the petition, exclusive of the day of service.

Terry is notified of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 25th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE