IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL TERRY                                                                                      PETITIONER

v.                                    NO. 2:24-cv-00119-LPR-PSH

DEXTER PAYNE                                                                                    RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Jarell Terry ("Terry") challenges his conviction of a prison disciplinary. It is recommended that this case be dismissed without prejudice for a lack of jurisdiction. His claim is a potentially viable conditions-of-confinement claim and outside the scope of 28 U.S.C. 2254. He was given the opportunity to convert this case to one pursuant to 42 U.S.C. 1983, but he failed to take advantage of that opportunity.

The record reflects that on November 20, 2023, Terry was charged with multiple rule violations arising from an encounter with a prison officer. Terry was eventually convicted of violating prison rule 12-4, refusing a direct verbal order to leave or enter an area within the institution or Arkansas Division of Correction property. For the violation, he lost commissary, phone, and visitation privileges; was placed in punitive isolation for twenty-one days; and reduced in class. He lost no good-time credits, though.

Terry subsequently began this case by filing a petition for writ of habeas corpus. In the petition, he alleged that he is actually innocent of the disciplinary and asked that it be reversed.

The undersigned reviewed Terry's petition and noted that he is not challenging the validity of his underlying state court criminal conviction or the length of his detention for that conviction. He is instead challenging the November 20, 2023, disciplinary on the ground that the evidence is insufficient to support his conviction. Given the nature of his claim and the relief he is seeking, the undersigned noted that it might not be possible for him to proceed pursuant 28 U.S.C. 2254 but must rather use 42 U.S.C. 1983 to prosecute his claim. Rather than dive into that issue at that time, the undersigned ordered service on respondent Dexter Payne ("Payne") and directed Payne, as a part of his response, to address whether Terry can proceed pursuant to 28 U.S.C. 2254.

Payne filed a response to Terry's petition. In the response, Payne maintained that the petition should be dismissed for two reasons. First, Terry's claim is a conditions-of-confinement claim that can only be raised in a complaint pursuant to 42 U.S.C. 1983. Second, the claim lacks merit because a free-standing claim of actual innocence is not applicable in connection with a prison disciplinary proceeding, and, alternatively, there is some evidence to support the conviction.

Terry was accorded an opportunity to file a reply to Payne's response. Terry, though, filed nothing in reply.

The undersigned then reviewed the record in this case and found that Terry has raised a potentially viable conditions-of-confinement claim, which can only be raised in a complaint pursuant to 42 U.S.C. 1983. In accordance with Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014), Terry was notified of his right to convert this case to one pursuant to 42 U.S.C. 1983.[1] He was cautioned that in the event he did not exercise that right, the undersigned would recommend that this case be dismissed.

Terry had up to, and including, October 7, 2024, to make his intentions known, specifically, whether he wished to convert this case to one pursuant to 42 U.S.C. 1983. He filed nothing, and the deadline for doing so has now passed.

In Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996), the Court of Appeals had the occasion to explain the difference between a habeas corpus action and one brought pursuant to the civil rights statutes, specifically, 42 U.S.C. 1983. The Court of Appeals explained the difference in the following manner:

---

[1] In Spencer v. Haynes, the Court of Appeals held that, where a petitioner has improperly raised a "potentially viable" condition-of-confinement claim in a habeas corpus proceeding, the court should "recharacterize the claim into the correct procedural vehicle" instead of dismissing the case for lack of jurisdiction. See Gordon v. Cain, No. 2:17-cv-00114-KGB-JTK, 2018 WL 8786163, 2, (E.D. Ark. July 30, 2018), report and recommendation adopted, No. 2:17-cv-00114-KGB, 2019 WL 3059849 (E.D. Ark. July 11, 2019). Before recharacterizing the claim, though, the court should obtain the petitioner's consent.

> In <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. 1983 claim. The prisoner's label cannot be controlling. <u>See</u> <u>id</u>. at 489–90, 93 S.Ct. at 1836–37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. <u>Id</u>. at 484, 93 S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. <u>See</u> <u>id</u>. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.
> . . .

<u>See</u> <u>Id</u>. at 1073. <u>See</u> <u>also</u> <u>Spencer v. Haynes</u>, <u>supra</u> (applying <u>Kruger v. Erickson</u>).

In a prior order, the undersigned noted that Terry is not challenging the validity of his underlying state court criminal conviction or the length of his detention for that conviction. The undersigned now conclusively makes that finding: he is not challenging the validity of his underlying state court criminal conviction or the length of his detention for that conviction. He is instead challenging the November 20, 2023, disciplinary on the ground that the evidence is insufficient to support his conviction, and he seeks a reversal of the conviction. Given the nature of his claim and the relief he is seeking, the undersigned is not convinced that the federal courts have

the power or subject matter jurisdiction to issue a writ, and this case cannot proceed as one pursuant to 28 U.S.C. 2254. See Croston v. Payne, No. 4:22-cv-00616-LPR-JJV, 2022 WL 18106996 (Aug. 23, 2022), report and recommendation adopted, No. 4:22-cv-00616-LPR, 2023 WL 23806 (Jan. 3, 2023) (loss of commissary, telephone, and visitation privileges; sentence to punitive isolation; and reduction in class outside scope of 28 U.S.C. 2254). See also Williamson v. Payne, No. 4:22-cv-01046-LPR-ERE, 2022 WL 19409973 (E.D. Ark. Nov. 21, 2022), report and recommendation adopted, No. 4:22-cv-01046-LPR, 2023 WL 2895886 (E.D. Ark. Apr. 11, 2023).

In a prior order, the undersigned found that Terry has raised a potentially viable condition-of-confinement claim, one that can only be raised in a complaint pursuant to 42 U.S.C. 1983. In accordance with Spencer v. Haynes, he was notified of the foregoing construction of his claim and accorded an opportunity to consent to convert this case to one pursuant to 42 U.S.C. 1983. He was warned that in the event he declined to consent, the undersigned would recommend that this case be dismissed. He failed to respond to that order and is now deemed to have declined to convert the case to one pursuant to 42 U.S.C. 1983. Given his refusal to convert this case to one pursuant to 42 U.S.C. 1983, the undersigned recommends that the case be dismissed without prejudice.

Accordingly, it is recommended that this case be dismissed without prejudice for a lack of jurisdiction. Terry's claim is a potentially viable condition-of-confinement claim and outside the scope of 28 U.S.C. 2254. All requested relief should be denied, and the Clerk of the Court should be directed to close the case.

DATED this 9th day of October, 2024.

_____
UNITED STATES MAGISTRATE JUDGE